United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| In re South Sky Aviation Corporation, Debtor. | ) ) | Bankruptcy Withdrawal Case No. 22-62288-Civ-Scola |

### Order Granting Motion to Withdraw Bankruptcy Reference

  This matter is before the Court on the Debtor's motion to withdraw the reference. (Mot., ECF No. 1.) The underlying bankruptcy proceeding is a voluntary Chapter 11 bankruptcy proceeding involving South Sky Aviation Corporation as the Debtor ("South Sky"). (*Id.* ¶ 1.) South Sky seeks to withdraw the reference of this matter, a personal injury claim against South Sky by Fernando Quispe Diaz and Silvia Valeria Coello Mena (the "Claimants") relating to an April 25, 2016 airplane crash (identified as "Claim 6-1" in the bankruptcy proceeding). (*Id.* ¶¶ 4-6.) No party has responded in opposition to the motion, and the time to do so has passed. Having reviewed the motion, the record, and the relevant legal authorities, the Court **grants** the motion. (**ECF No. 1**.)

  The Debtor asks this Court to withdraw the reference under 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011(a), and Southern District of Florida Local Bankruptcy Rule 5011-1. Section 157(d) states that a "district court may withdraw, in whole or in part, any case or proceeding referred under this section ... for cause shown." Although the statute does not define cause, "the Eleventh Circuit has recognized certain factors to be considered, such as: uniformity in bankruptcy administration; decreasing forum shopping and confusion; efficient use of the resources of the courts and the parties; and avoidance of delay." *In re MFS Roofing, Inc.*, No. 17-23910-CV, 2018 WL 11476411, at *1 (S.D. Fla. Oct. 30, 2018) (Williams, J.) (citing *Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 742 (11th Cir. 2000)). The Debtor also relies on subsection (b)(5) of Section 157, which states the following:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5).

  The Debtor seeks to partially withdraw the refence with regards to Claim 6-1 based on the plain terms of 28 U.S.C. § 157(b)(5). (Mot. ¶ 14.) This

determination is consistent with the plain terms of Section 157(b)(5). And, because the Claimants' case was originally filed in the Seventeenth Judicial Circuit Court in and for Broward County, Florida, and the Debtor's bankruptcy proceeding is in the Southern District of Florida, the Southern District of Florida is the appropriate location for Claim 6-1 to be tried under the statute's terms. (R. at 108-09, 131-133, ECF No. 2-1); 28 U.S.C. § 157(b)(5).

Accordingly, the Court **grants** the motion to withdraw the reference. (**ECF No. 1**.) The Bankruptcy Court reference is **partially withdrawn** to the United States District Court for the Southern District of Florida for the purpose of a jury trial and all dispositive motions relating to Claim 6-1. The reference to the Bankruptcy Court remains in effect for all other pre-trial matters. The Court requests that the Bankruptcy Court issue a report and recommendation on any dispositive pretrial motions.[1] The hearing scheduled for Wednesday, May 3, 2023 at 8:30 A.M. at the Wilkie D. Ferguson, Jr. Federal Courthouse, Courtroom 12-3, is **canceled**. The Clerk is directed to **close** this case. All pending motions, if any, are **denied as moot**.

**Done and ordered** in Miami, Florida, on April 19, 2023.

Robert N. Scola, Jr.
United States District Judge

---

[1] *See* 28 U.S.C. § 157(c)(1); *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 40 (2014).